IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARIO BARRAZA<br><br>      Plaintiff,<br><br>      v.<br><br>SHAFTER POLICE DEPARTMENT, MATTHEW SHELTON; CHARLIE FIVECOAT, CITY OF SHAFTER, AND DOES 1 THROUGH 25, INCLUSIVE,<br><br>      Defendants. | CASE NO. 1:10-cv-01090 LJO JLT<br><br>ORDER DENYING REQUEST TO STAY PROCEEDINGS WITHOUT PREJUDICE<br><br>(Doc. 8) |

## I.  Introduction

Before the Court is a stipulation signed by counsel for Plaintiff and for defendants, the City of Shafter and the Shafter Police Department, to stay the action until November 4, 2010.[1] (Doc 8 at 2) The stipulation reports that Plaintiff has filed a motion in the Kern County Superior Court to be relieved from the California Government Claims Act claims filing requirement set forth in California Government Code sections 810, et seq.[2] Id. The parties claim that the outcome of the state court proceeding *may* have

---

[1] There is no representation that the stipulation has been approved by the individual defendants or their counsel. Id.

[2] In City of Stockton v. Superior Court, 42 Cal.4th 730, 741-742 (Cal. 2007), the California Supreme Court made clear that "title 1, division 3.6, parts 1 through 7 of the Government Code (§ 810 et seq.) [should be referenced] as the Government Claims Act."

1

some impact on this litigation. (Doc 8 at 2) The parties submit, "Upon resolution of the Petition, Plaintiff *may* file a First Amended Complaint depending upon the outcome of the Petition." Id., emphasis added.

Notably, in the complaint, Plaintiff alleges that he filed a governmental claim with the City of Shafter on December 8, 2009, which was rejected on December 15, 2009. (Doc. 1 at 9) He implies that the claim was rejected on its merits, rather than on timeliness grounds, because he alleges that he was informed that he had six months within which to file his complaint. Id. The complaint alleges also that Plaintiff filed a motion for relief from the claims filing requirement, according to "Cal. Gov't Code section 954.4"[3], on June 11, 2010. Id.

By consulting the Kern County Superior Court docket, the Court has determined that Plaintiff, in fact, filed his California Government Code section 946.6 motion on June 11, 2010.[4] However, on July 8, 2010, the Kern Court rejected the motion for failure to comply with California Rules of Court. The docket does not indicate that the motion has been re-filed and there is no indication that there is a hearing scheduled on this motion. To the contrary, the docket indicates that no hearing is scheduled in the matter. For the reasons set forth below, the Court **DENIES** the request to stay the action.

**II.     Legal Standard**

The Court has the "power to stay proceedings" as part of its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are, (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party

---

[3] Presumably the parties are referring to a motion brought according to California Government Code section 946.6.

[4] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the Kern County Superior Court, containing the court system's records for filings in that Court is subject to judicial notice.

2

may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id. (citing Landis, 299 U.S. at 254-55).

"The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255). "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." Landis, 299 U.S. at 255.  The Court's decision to grant or deny stay is discretionary. Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

### III.     Discussion

Although the parties have filed a stipulation, they have provided only limited information as to the propriety of the requested stay. This forces the Court's use of supposition to attempt to determine the situation.

It appears that Plaintiff's motion, brought according to California Government Code § 946.6, was filed because Plaintiff presented his governmental claim to the City of Shafter on December 15, 2009, which was just over 11 months after the subject incident.  (Doc. 1 at 9) In the absence of any contrary explanation in the stipulation, it appears that this initial presentation was not timely according to California Government Code section 911.2(a).  Second, Plaintiff's § 946.6 motion was filed on June 11, 2010, which was almost 18 months after the incident.  Thus, according to California Government Code section 946.6(c) and 911.4(b), the Kern County Superior Court is without jurisdiction to relieve Plaintiff from his failure to present a timely governmental claim. Munoz v. State of California, 33 Cal.App.4th 1767, 1779 (Cal. Ct. App. 1995).

Notably, the Kern County Superior Court docket for S-1500-CV-270715, for the case of Hilario Barazza v. Shafter Police et. al, which is the case assigned to the § 946.6 motion, indicates "There are no scheduled hearings for Case # S-1500-CV-270715" although it notes that the petition filed under California Government Code section 946.6 was filed and rejected.  Thus, it appears that there *is no motion pending.*

On the other hand and to contrary to the first possible conclusion but consistent with the second, the complaint alleges that after Plaintiff filed his governmental claim, "Defendant City rejected Mr.

3

Barraza's claim on December 15, 2009, *providing notice that Plaintiff had six months to commence a legal action.*" (Doc. 1 at 9, emphasis added) This implies that the City of Shafter waived timely filing of the governmental claim. Given this situation and because the parties failed to provide the Court any information about the situation, the Court can reach several different conclusion about Plaintiff's § 946.6 motion.[5] However, in none that the Court has envisioned demonstrates that a stay of the action is needed.

At most, the stipulation indicates that it would excuse the two municipal defendants from filing a responsive pleading at this time and would allow time for Plaintiff to *possibly* prepare an amended complaint. There is no information provided that hardship or damage would be imposed if the stay is not granted, most notably to the individual defendants who were not party to the stipulation, or that a stay will simplify the resulting litigation. At most, the stipulation indicates only that Plaintiff *may* file an amended complaint depending upon the outcome of the § 946.6 motion.

Given this situation, and the complete lack of information provided in the stipulation, the Court has no confidence that a stay of this action would achieve any of the goals outlined in CMAX, Inc., 300 F.2d at, 268.

**IV.    CONCLUSION**

Given the limited information provided in the stipulation, the Court is unable to evaluate the competing interests raised by the proposed stay. Thus, the Court does not find that the orderly course of justice will be promoted by the stay. Therefore, the request for the stay is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 5, 2010**                                                       /s/ Jennifer L. Thurston
                                                                                                         UNITED STATES MAGISTRATE JUDGE

---

[5] There are many other conclusions also, including that Plaintiff seeks to impose liability on some other governmental entity, although the allegations of the complaint make this unlikely. Moreover, if this was the case, why a stay would be necessary as to the Shafter defendants is a mystery.