IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARIO BARRAZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHAFTER POLICE DEPARTMENT, MATTHEW SHELTON; CHARLIE FIVECOAT, CITY OF SHAFTER, AND DOES 1 THROUGH 25, INCLUSIVE,<br><br>　　　　Defendants.<br>_____ | CASE NO. 1:10-cv-01090 LJO JLT<br><br>ORDER GRANTING REQUEST TO STAY PROCEEDINGS WITHOUT PREJUDICE<br><br>(Doc. 14) |

## I.   Introduction

Before the Court is the second stipulation signed by counsel for Plaintiff and for defendants, the City of Shafter and the Shafter Police Department, to stay the action.[1] (Doc 8 at 2) The first stipulated request for a stay was denied on August 5, 2010 because the parties failed to demonstrate any necessity for the stay.

In this second stipulation, the parties have provided additional detail regarding the requested stay. As in the first stipulation, it appears that the parties continue to dispute whether Plaintiff is entitled to

---

[1] There is no representation that the stipulation has been approved by the individual defendants or their counsel. Id. However, in light of the First Amended Complaint that names the individuals in their official and individual capacities, the Court construes the stipulation by counsel for the entity, as agreement by the individuals also.

bring state law causes of action due to the contention that he failed to comply with the California Government Claims Act. Cal. Gov. Code 810, et seq. The stipulation makes clear that Plaintiff has re-filed his application under California Government Code section 946.6 and a hearing on the matter is scheduled on September 30, 2010 in the Kern County Superior Court.[2]

The parties stipulat that the determination of Plaintiff's § 946.6 application impacts this litigation because if it is denied by the Kern County Superior Court, the parties will stipulate to Plaintiff filing a Second Amended Complaint that deletes all of the state law claims. Alternatively, if the Kern County Superior Court grants the petition, the defendants will answer the First Amended Complaint rather than filing a motion to dismiss. The parties conclude that the requested stay would relieve them from filing and opposing a motion to dismiss the First Amended Complaint and, consequently, would relieve the Court from deciding the motion. For the reasons set forth below, the Court **GRANTS** the request to stay the action.

**II.    Legal Standard**

The Court has the "power to stay proceedings" as part of its inherent power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are, (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Id. (citing Landis, 299 U.S. at 254-55).

"The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255). "If there is even a fair possibility that the stay . . . will

---

[2] Plaintiff explains that his § 946.6(c) application is raised on two grounds. In essence, he claims that he complied with the claim-filing requirement in a timely fashion by submitting to a police interview. Alternatively, he seeks relief from the claims-filing requirement. The parties provide no analysis as to the likelihood that either argument will be successful. Most notably, the parties fail to explain how the Kern County Superior Court has jurisdiction to decide the petition. Cal. Gov. Code §§ 946.6(c), 911.4(b); Munoz v. State of California, 33 Cal.App.4th 1767, 1779 (Cal. Ct. App. 1995).

2

work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." Landis, 299 U.S. at 255.  The Court's decision to grant or deny stay is discretionary. Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

**III.    Discussion**

The stipulation before the Court currently sets forth clear reasons to stay the action.  Plaintiff's California Government Code section 946.6 petition has the potential to exclude the state law causes of action from this litigation, thus simplifying it.  Alternatively, if the petition is granted, this would relieve the parties and the Court, from expending resources in prosecuting, opposing and deciding a motion to dismiss the First Amended Complaint.

Therefore, because a decision on the California Government Code section 946.6 promotes the orderly course of justice in this case and the Court has been advised of no hardship that would be imposed if the stay is granted, the Court will stay the matter.

**IV.    CONCLUSION**

Based upon the foregoing, the Court **ORDERS**,

1. The matter is stayed;
2. No later than October 15, 2010 and every 30 days thereafter, the parties will file a joint report outlining the status of Plaintiff's application filed pursuant to California Government Code section 946.6 and any other information that bears on the propriety of continuing the stay;
3. Additionally, the parties will file a status report whenever it appears that the stay is no longer appropriate;
4. The Clerk is ordered to administratively close this matter.

IT IS SO ORDERED.

Dated:   **September 1, 2010**                             /s/ Jennifer L. Thurston
                                                                               UNITED STATES MAGISTRATE JUDGE